## OSTER JOHNSON v. STATE.

No. A-8932.   June 28, 1935.
(46 Pac. [2d] 964.)

J. H. Warren, for petitioner.

The Attorney General and Ralph K. Jenner, Co. Atty., for the State.

DOYLE, J.   This is an application for a writ of habeas corpus on the part of Oster Johnson confined in the county jail of Choctaw county by Cap Duncan, sheriff, under commitment from the district court of said county issued upon a judgment and sentence rendered by said court in accordance with the verdict of the jury finding the defendant guilty of forgery in the second degree, and fixing his punishment at confinement in the penitentiary for a term of two years.

It is alleged "that said restraint is illegal because the information on which this prosecution is based does not state facts sufficient to constitute the crime of forgery,"

therefore the trial, conviction, and sentence under which he is held were illegal, null, and void.

That the matter involved in the petition has been presented to George R. Childress, judge of the district court of Choctaw county, by demurrer, by objection to the introduction of evidence, and by motions for a new trial and in arrest of judgment.

Attached to the petition is a copy of the information which, omitting formal parts, charges:

"That Oster Johnson did in Choctaw county, state of Oklahoma, on or about the 20th day of April, 1934, commit the crime of forgery in the second degree, in the manner and form as follows, to wit: That he the said defendant then and there being the guardian of Agnes Johnson, a minor, who had guardianship funds in the National Bank of Commerce at Hugo, Oklahoma, deposited with the agreement that said funds could not be withdrawn except on the joint signature of T. W. Hunter, county judge, and Oster Johnson, guardian; that said Oster Johnson did willfully, wrongfully, unlawfully, fraudulently and feloniously make and draw a certain check in words and figures as follows: Hugo, Oklahoma, April 20, 1934, The National Bank of Commerce at Hugo Pay to Lester Johnson or order $5.00 Five Dollars Oster Johnson, guardian of Agnes Johnson, minor by then and there endorsing on said check on the face thereof the purported signature of T. W. Hunter, county judge, knowingly forging said name of the said county judge as a true signature of the said judge, with a wrongful and felonious intent to cheat and defraud the said Lester Johnson to whom the said Oster Johnson uttered it and Carl Schuessler, to whom it was subsequently uttered and the said estate of the said minor of the said sum of $5.00, contrary to the form of the statutes, in such cases made and provided, and against the peace and dignity of the state.

"Ralph K. Jenner, County Attorney."

It is assumed by counsel for petitioner, in argument, upon the principle announced in Territory v. Delana, 3 Okla. 573, 41 Pac. 618, and Title Guaranty & Surety Co. v. Foster, 84 Okla. 291, 203 Pac. 231, 232, that this conviction is invalid because the instrument which petitioner is charged with uttering was not legally susceptible of forgery.

In the Delana Case, the Supreme Court of the Territory held, "An indictment setting forth the forgery of a juror's certificate issued by the clerk of a district court does not state a public offense, and a demurrer thereto should be sustained," and that, "It is a general rule that if an instrument is void or invalid upon its face, and cannot be made good by averment, the crime of forgery cannot be predicated upon it."

In the other case cited, the Supreme Court of this state held:

"An infant is not bound by a stipulation of his guardian waiving a substantial legal right; it appearing that the guardian's stipulation was evidently founded on a mistake of law."

We do not think the cases cited by counsel for petitioner are in point in a habeas corpus proceeding.

An uttering a forged instrument, under the statute (Penal Code [section 2125, St. 1931]) is the knowingly passing as true, or attempting to pass as true, such forged instrument with the intent to cheat and defraud.

The foregoing section sets forth the offense sought to be charged by the information in this case; and by this section, the gravamen of the offense is the sale, exchange, or delivery of the instrument for a consideration, knowing it to be forged or counterfeited.

Generally speaking, if an instrument is invalid and is void on its face, it cannot be the subject of forgery, for it can then have no legal tendency to effect a fraud. If its invalidity, however, is to be made out by extrinsic facts, it may be legally capable of effecting a fraud.

It is obvious that the check in question, if genuine, would found a liability, and would be an engagement for the payment of money.

The writ of habeas corpus which has for centuries been esteemed the best and only sufficient defense of personal freedom has for its object the speedy release by judicial decree of persons illegally restrained of their liberty.

It is not a mere corrective remedy and is not to be employed as a writ of quo warranto, nor as a writ of certiorari, nor permitted to perform the functions of an appeal.

"Proceedings of habeas corpus to obtain release from custody under final judgment being in the nature of a collateral attack, the writ deals only with such radical defects as render the proceeding or judgment absolutely void." 12 R. C. L. 1192.

In the case Ex parte Grant, 32 Okla. Cr. 217, 240 Pac. 759, 760, it is said:

"The office of the writ of habeas corpus is to afford the citizen a speedy and effective method of securing his release when illegally restrained of his liberty. Its scope, when directed to an inquiry into the cause of imprisonment in judicial proceedings, extends to questions affecting the jurisdiction of the court and the sufficiency in point of law of the proceedings. Mere errors or irregularities in a judgment or proceeding of a court under and by virtue of which a person is imprisoned, which are not of such a character as to render the proceedings void, cannot be reviewed on an application for a writ of habeas corpus.

"Where a prisoner in custody under sentence of conviction seeks to be discharged on habeas corpus, the inquiry is limited to the questions whether the court in which the prisoner was convicted had jurisdiction of the person of the defendant and of the crime charged, and did the court have jurisdiction to render the particular judgment."

It is elementary that the writ of habeas corpus cannot be used to perform the function of an appeal, or used to review errors that do not go to the jurisdiction of the court to issue the commitment.

It follows from these views that the petition is insufficient to show that the petitioner is entitled to have the writ issued.

The demurrer thereto is sustained, and the writ denied.

DAVENPORT, P. J., and EDWARDS, J., concur.