**In the Matter of Habeas Corpus of David Gary CHAMPEAU, Robert Darrell Hightower and Terry Lynn Hightower.**

**Nos. H–82–103, H–82–105 and H–82–109.**

Court of Criminal Appeals of Oklahoma.

March 5, 1982.

Jack L. Freeman, Edmond, Joe Farnan, Purcell, Virginia Henson, Shawnee, for petitioners.

Jan Eric Cartwright, Atty. Gen., Dena Bates, Asst. Atty. Gen., Oklahoma City, for respondent.

## OPINION

BRETT, Presiding Judge:

The above petitioners filed their petitions in this Court seeking bail pending appeal from their convictions in Pottawatomie County District Court. David Gary Champeau was convicted in CRF–80–290, Robert Darrell Hightower was convicted in CRF–80–288, and Terry Lynn Hightower was convicted in CRF–80–289. Each petitioner was charged in a two count information charging identical counts. Count one charged unlawful cultivation of marijuana and count two charged possession of marijuana with intent to distribute. David Gary Champeau and Robert Darrell Hightower were both sentenced to consecutive ten (10) years under the direction and control of the State Department of Corrections on each count, and a fine of $25,000.00 on

count one, unlawful cultivation of marijuana, and a fine of $5,000.00 on count two, unlawful possession of marijuana with intent to distribute. Terry Lynn Hightower was assessed consecutive sentences on count one to ten (10) years, under the direction and control of the State Department of Corrections and a fine of $25,000.00, and on count two he was sentenced to nine (9) years under the control and direction of the State Department of Corrections and a fine of $5,000.00. Each was also assessed a $25.00 restitution fee pursuant to the statute in each case.

At the hearing had before this Court on Friday, February 26, 1982, Champeau was represented by Mr. Jack L. Freeman of Edmond, Oklahoma, Robert Darrell Hightower was represented by Mr. Joe Farnan of Purcell, Oklahoma, and Terry Lynn Hightower was represented by Ms. Virginia Henson of Shawnee, Oklahoma. The State was represented by Ms. Dena L. Bates, Assistant Attorney General.

The offenses for which petitioners were convicted are not listed among those contained in 22 O.S.Supp.1981, § 1077, for which bail pending appeal shall be denied. That section provides:

Bail on appeal shall be allowed on appeal from a judgment of conviction of misdemeanor, or in felony cases where the punishment is a fine only, and when made and approved shall stay the execution of such judgment. Bail on appeal after the effective date of this act shall not be allowed after conviction of any of the following offenses:

1. Murder in any degree;
2. Kidnapping for purpose of extortion;
3. Robbery with a dangerous weapon;
4. Rape in any degree;
5. Arson in the first degree;
6. Shooting with intent to kill;
7. Manslaughter in the first degree;
8. Forcible sodomy;
9. Use of firearms or any other dangerous weapon during the commission of a felony; or
10. Any other felony after former conviction of a felony.

The granting or refusal of bail after judgment of conviction in all other felony cases shall rest in the discretion of the court, however, if bail is allowed, the trial court shall state the reason therefor.

Counsel for petitioners argued that the foregoing statute is merely a procedural change and is not intended to be a legislative presumption for denial of bail; and, that in the event said statute is a presumption for denial of bail, it is unconstitutional for vagueness because of a lack of guidelines for law enforcement officials and triers of fact in order to prevent arbitrary and discriminatory enforcement of a criminal statute, citing *Smith v. Goguen*, 314 U.S. 566, 94 S.Ct. 1242, 39 L.Ed.2d 605 (1974). The State argues that the statute is an expression of the legislature expressing a presumption for denial of bail.

■ While the statute could have been expressed more clearly, this Court finds that it is not vague. Likewise, this Court finds that it is not an expression for denial of bail as argued by the State. Instead, we interpret the last paragraph of the statute as being a statement of legislative policy which leaves to the trial judge the exercise of his discretion whether or not bail, pending appeal, shall be allowed. Insofar as Section 1079, Title 22, was not repealed by the new statute, the denial of bail remains subject to review by this Court.

■ In the instant case, it seems clear that the trial judge, after having heard all the testimony and after considering all the evidence offered, and being aware of the fact that the petitioners had in their possession, by cultivation and drying process, as well as certain packaged portions, an amount of four tons of marijuana, that the consequences of the offense are of sufficient gravity to the general public that bail pending appeal should be denied. We find that the trial judge did not abuse his discretion when he denied bail.

We are therefore of the opinion that the petitions filed herein should be denied; and

that the legislative intent expressed by 22 O.S.Supp.1981, § 1077, leaves the matter of whether or not bail shall be granted pending appeal lies within the discretion of the trial judge, except that the trial judge must state the reason why bail is granted in each case. In that sense, the statute is the opposite to the former statute that provided that the trial judge was required to state his reason for denying bail.

WRITS DENIED.

CORNISH, J., concurs.

BUSSEY, J., concurs in results.