Douglas L. SPITZNAS, Petitioner,

v.

The STATE of Oklahoma, Respondent.

No. H–82–225.

Court of Criminal Appeals of Oklahoma.

July 29, 1982.

---

Stephen Jones, Jones & Gungoll, Enid, for petitioner.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Oklahoma City, for respondent.

## OPINION

BRETT, Presiding Judge:

The petitioner was duly convicted in the District Court of Garfield County of the crimes of Rape and Sodomy, Case No. CRF–81–2. He was sentenced to 10 years for Rape in the First Degree and 5 years for Sodomy. A motion to the trial court for the sentences to run concurrently instead of consecutively was denied. Petitioner also made an oral motion for bail pending appeal which was denied on the basis of 22 O.S.1981, § 1077. Petitioner was then remanded to the custody of the Garfield County Sheriff and transported to a Department of Corrections facility.

Petitioner, in his petition for writ of habeas corpus, asserts that 22 O.S.1981, § 1077, as applied to him is unconstitutional. For the reasons stated herein the writ is denied, and we find that 22 O.S.1981, § 1077, is constitutional.

Petitioner asserts as his first proposition that he is unjustly held without bail; that 22 O.S.1981, § 1077, is in violation of the equal protection clause of the United States Constitution. Title 22 O.S.1981, § 1077, provides:

Bail on appeal shall be allowed on appeal from a judgment of conviction of misdemeanor, or in felony cases where the punishment is a fine only, and when made and approved shall stay the execution of such judgment. Bail on appeal after the effective date of this act shall not be allowed after conviction of any of the following offenses:

1. Murder in any degree;
2. Kidnapping for purpose of extortion;
3. Robbery with a dangerous weapon;
4. Rape in any degree;
5. Arson in the first degree;
6. Shooting with intent to kill;
7. Manslaughter in the first degree;
8. Forcible sodomy;
9. Use of firearms or any other dangerous weapon during the commission of a felony; or
10. Any other felony after former conviction of a felony.

The granting or refusal of bail after judgment of conviction in all other felony cases shall rest in the discretion of the court, however, if bail is allowed, the trial court shall state the reason therefor.

The essence of petitioner's argument is that the use of bail pending appeal is a fundamental right. Petitioner acknowledges that no such right is explicit in the Constitution; rather that on the authority of *San Antonio School District v. Rodriguez,* 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973), such right may be fundamental if implicitly guaranteed by the Constitution. We can find no such implicit right in bail pending appeal. Moreover, this Court has explicitly held that there is no constitutional or fundamental right to bail pending appeal by virtue of the Oklahoma Constitution. *Kordelski v. Cook,* 621 P.2d 1176 (Okl. Cr.1980). Thus, since no fundamental right is involved, the present legislation need only be evaluated to determine whether the legislature's classification is rationally related to a legitimate State interest.

■ In *State ex rel. Coats v. Rakestraw,* 610 P.2d 256, 259 (Okl.Cr.1980), this Court adopted the rational relationship test of review for equal protection challenges as enunciated by the Supreme Court in *McGowan v. Maryland,* 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961). In that case the Supreme Court announced that "[t]he [equal protection] constitutional safeguard is offended only if the classification rests on grounds wholly irrelevant to the achievement of the State's objective." *McGowan,* supra, 366 U.S. at 425, 81 S.Ct. at 1105, 6 L.Ed.2d at 399. Since 22 O.S. 1981, § 1077, provides a rational means to insure that those persons convicted of the *most serious* of offenses will not flee by denying appeal bond, and the classification of offenses deemed serious enough to be included therein is not *wholly irrelevant* to that objective, we find no equal protection violation.

In so ruling, we observe that in *United States v. Thompson,* 452 F.2d 1333 (D.C.Cir.

1971), cited by petitioner, the court found that access to bail, as opposed to the right to bail, was a fundamental right and requires heightened scrutiny in review of any statute affecting such access. The court, however, recognized that such a right was not absolute.

> There may well be times when the State is justified nonetheless in denying bail pending appeal. But when different standards are applied to bail applications *based upon an apparently arbitrary classification*, the courts are not obliged to accept hypothetical or unfounded excuses for the distinction drawn. (emphasis added)

*Thompson*, supra, at 1340. Thus, having already found the legislature's classification not to be arbitrary, but based upon real and substantial differences, we are not convinced that *Thompson* requires a different result. See, *Greene v. State*, 238 So.2d 296, 299 (Fla.1970).

■ In his supplemental brief, petitioner raises nothing further that convinces this Court that the statute violates equal protection safeguards. Petitioner asserts in his supplemental brief that the statute is void for vagueness and therefore unconstitutional. In a recent case this Court rejected a vagueness challenge to the statute and today we affirm that ruling. *In the Matter of Habeas Corpus of Champeau*, 643 P.2d 326 (Okl.Cr.1982). Therefore, finding no equal protection violation nor that the statute is vague, petitioner's first proposition is rejected.

The second proposition is that 22 O.S. 1981, § 1077, is an unconstitutional violation of the separation of powers doctrine in Article 4, Section I, of the Oklahoma Constitution. In asserting the violation, petitioner notes that where an individual's substantive right is involved, the legislature must defer to this Court's discretion. Thus, he argues that by removing the court's discretion to grant appeal bail in certain cases, the legislature has exceeded its authority in violation of the Oklahoma Constitution.

■ This Court has recognized that the legislature may not constitutionally involve itself in exclusively judicial matters. Thus, in the case of *Booze v. District Court*, 365 P.2d 589 (Okl.Cr.1961), we found a statute, 12 O.S.1951, § 667, as amended by Laws 1955, an unconstitutional encroachment into the judiciary. That statute was an attempt by the legislature to deprive the courts of the power to determine whether a continuance be granted or denied, and therefore was violative of Article 4, § 1, of the Oklahoma Constitution. In the case at bar, however, the legislature has not invaded the exclusive province of the judiciary. Here, there exists only a statutory right and no constitutional right to bail on appeal. *Kordelski v. Cook*, 621 P.2d 1176 (Okl. Cr.1980). Therefore, it cannot be said that the legislature encroaches into the exclusive dominion of the judiciary when it repeals a right which has been legislatively granted.

The statute challenged herein does not attempt to control a matter in which the courts have ultimate authority. There is no fundamental right to bail on appeal, and the effect of its denial is to require immediate commencement of a sentence rendered by the trial court and is "simply another aspect of the punishment provisions of the statutory scheme." *Hart v. State*, 405 So.2d 1048, 1053 (Fla.Dist.Ct.App.1981). We therefore find petitioner's second proposition without merit.

■ The petitioner asserts as his third proposition that 22 O.S.1981, § 1077, operates to unconstitutionally limit the right to habeas corpus relief. Accordingly, petitioner cites art. II, § 10, of the Oklahoma Constitution:

> The privilege of the writ of habeas corpus shall never be suspended by the authorities of this State.

Petitioner states that because 22 O.S.1981, § 1079, provides for review of denials of bail by habeas corpus proceedings, together with the common law right to habeas corpus review, the legislature has thereby limited such review by enactment of 22 O.S. 1981, § 1077, and therefore the statute is unconstitutional. Petitioner overlooks the fact that review by habeas corpus is *still*

available, even if only for a review of the trial court's denial of bail under 22 O.S. 1981, § 1077. Thus, the petitioner may petition this Court for habeas corpus review to ensure that his conviction was properly among those offenses that 22 O.S.1981, § 1077, now forbids release on bail pending appeal.

There is, however, still another more fundamental reason why petitioner's contention must fail. While it is true that the Oklahoma Constitution forbids abridgement of habeas corpus review by statute or otherwise, one must distinguish the meaning of habeas corpus in the Oklahoma Constitution from habeas corpus writs granted by statute. In *Johnson v. State*, 57 Okl.Cr. 220, 223, 46 P.2d 964, 966 (1935), this Court stated:

> The writ of habeas corpus which has for centuries been esteemed the best and only sufficient defense of personal freedom has for its object the speedy release by judicial decree of *persons illegally restrained of their liberty.* (emphasis added)

Since there is no constitutional right in Oklahoma to bail on appeal, *Kordelski v. Cook*, 621 P.2d 1176 (Okl.Cr.1980), it cannot be said that petitioner is being *illegally restrained of his liberty.*

Note, also, that in *Ex parte Sullivan*, 10 Okl.Cr. 465, 477, 138 P. 815, 821 (1914), this Court stated that,

> ... the writ of habeas corpus is a writ of right, and cannot be abrogated or its efficiency impaired by legislative action, and under the constitutional guaranty, *the cases within the relief afforded by the writ at common law* cannot be placed beyond its reach and remedial action by statute. (emphasis added)

Consequently, there being no relief at common law for habeas corpus review of denial of appeal bond, there is no abrogation of habeas corpus review by the legislature.

The petitioner's final contention is that 22 O.S.1981, § 1077, as applied to him, oper-ates as an *ex post facto* law and therefore may not be constitutionally applied against him. Specifically, petitioner argues that the trial courts had discretion to grant bail on appeal prior to the enactment of the statute but not after; that had his trial concluded prior to the effective date of the statute, the petitioner would have been able to present the trial court with evidence on the issue of bail but was precluded from doing so because of the statute. Petitioner's argument, however, suffers from a defect going to the very underpinnings in the constitutional law of *ex post facto* protection.

■ It is not questioned that, "No bill of attainder, ex post facto law, nor any law impairing the obligation of contracts, shall ever be passed. * * * " Okla.Const., art. 2, § 15. Nor is it doubted that such a law would be violative of the United States Constitution, wherein art. 1, § 10 cl. 1 states that, "No State shall ... pass any Bill of Attainder, [or] ex post facto law. * * * " But, petitioner fails to delimit the scope of this right. It does not preclude the passage of legislation that is procedural in nature and not substantive. Thus, as stated by the Supreme Court, the provision was to insure "substantial personal rights against arbitrary and oppressive legislation, and not to limit the legislative control of remedies and modes of procedure which do not affect matters of substance." *Beazell v. Ohio*, 269 U.S. 167, 171, 46 S.Ct. 68, 69, 70 L.Ed. 216, 218 (1925) (citations omitted). See also *Dobbert v. Florida*, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977) (citing with approval *Beazell v. Ohio*, supra).

But, once established that the scope of the *ex post facto* provision is a limited one, the analysis must proceed to an examination of the statute to determine if it is procedural or substantive in nature. There is no concrete definition as to "what alterations of procedure will be held to be of sufficient moment to transgress the constitutional prohibition ..." rather, "[t]he distinction is one of degree." *Beazell, supra,*

at 269 U.S. at 171, 46 S.Ct. at 69, 70 L.Ed. at 218. It has been the rule in Oklahoma that a law is within the protection of the provision "when it inflicts a greater punishment than the law annexed to the crime at [the] time it was committed or alters [the] situation of accused to his disadvantage." *Maghe v. State*, 429 P.2d 535, 540 (Okl.Cr. 1967) (citing *People v. Ward*, 50 Cal.2d 702, 328 P.2d 777, 76 A.L.R.2d 911 (1958)).

▮ Utilizing the aforementioned criteria, it can not be held that petitioner has been "inflicted" with greater punishment due to passage of the statute. The punishment assessed against petitioner is in no way affected by the denial of bail while his appeal is pending. Nor can it be said that the statute "alters the situation" of the petitioner. Whether he is out on bail during the pendency of his appeal, or is incarcerated during such period, there will be no alteration of petitioner's substantive rights on appeal. Thus, petitioner is not disadvantaged in his situation so as to violate the *ex post facto* provision, as this Court has previously held in *Baugh v. Mullins*, Case No. H–81–688 (Okl.Cr.1981) (unpublished order denying Writ of Habeas Corpus).

Therefore, this Court rejects the arguments of petitioner and hold 22 O.S.1981, § 1077, to be constitutional.

WRITS DENIED.

BUSSEY, J., concurs in result.

CORNISH, J., concurs.