2013 OK 89

**In Regard to the Application of Keith Allen OSBURN, Appellee,**

v.

**OKLAHOMA DEPARTMENT OF CORRECTIONS, Appellant.**

**No. 109,867.**

Supreme Court of Oklahoma.

Oct. 29, 2013.

Michael Thomas Oakley, Oklahoma Department of Corrections, Oklahoma City, Oklahoma, for Appellant.

Grace K. Yates and Shawna N. Taylor, Holmes and Yates, Ponca City, OK, for Appellee.

COMBS, J.

## FACTS AND PROCEDURAL HISTORY

¶ 1 On or about, August 13, 1997, Appellee, Keith Allen Osburn (hereinafter, "Osburn") was charged with one felony count of indecent exposure in violation of 21 O.S., § 1021(A)(1) (CF 97–262; Kay County, Oklahoma). On June 22, 1998, Osburn pled no contest to the charge and was given a five-year sentence of which he was to serve ten weekends in the Kay County Jail with the remainder of his sentence suspended. Thereafter, in 2000, Osburn began registration under the Sex Offenders Registration Act (hereinafter "SORA"), 57 O.S., § 581 et seq.[1] Sometime after November 1, 2007, the Appellant, the Oklahoma Department of Corrections (hereinafter, "Department"), assigned Osburn a sex offender risk level of one.[2] This increased Osburn's allegedly required SORA registration period to fifteen years from the date of the completion of his sentence. The Department determined his registration period will now end in June 2018.[3]

¶ 2 On June 21, 2002, Osburn pled guilty to felony charges in two separate criminal cases for failure to register as a sex offender in violation of 57 O.S., § 587 (CF 2001–426 and CF 2002–226; Kay County, Oklahoma). In each case, the district court sentenced him to three years in the state penitentiary. The district court ordered each sentence suspended and the two sentences to be served consecutively. Neither case was appealed. On May 29, 2009, another Kay County case charging Osburn with failure to register was dismissed by the district court (CF 07–520).

¶ 3 On March 29, 2011, Osburn filed an Application to terminate his SORA registration in Garfield County, Oklahoma, the coun-

1. The record does not reflect why there was a delay before registration began. Under the Appellant's viewpoint, Osburn should have been required to register when the law was amended to include indecent exposure as an enumerated offense which occurred on November 1, 1998, approximately four months after Osburn was convicted (HB 3144, 1998 Okla. Sess. Laws c. 347, § 1).

2. At the time of Osburn's June 22, 1998, conviction, persons **who were required to register** under SORA only had to register for ten years following release from incarceration (Title 57 O.S. Supp.1997, §§ 582 and 583(C)). The ten-year registration period was extended on April 26, 2004, by requiring it to begin from the date of completion of the sentence (SB 1191, 2004 Okla. Sess. Laws c. 162, § 1). Effective November 1, 2007, a sex offender risk level system was created which again increased the period of registration (HB 1760, 2007 Okla. Sess. Laws c. 261). It included three levels of risk to be assigned to sex offenders by the Oklahoma Department of Corrections (57 O.S. Supp.2007, § 583(C) and (D)). For a risk level of one, a person must register for fifteen years from the date of the completion of the sentence.

3. The Department calculates this period by adding fifteen years to the date when his original five-year sentence was completed (June 2003).

ty of his residence. In his Application, he asserted he was eligible to apply under 57 O.S., § 583(E) to end his SORA registration because he had been registered for ten years. At the time he filed his application, subsection E provided as follows:

> E. Any person assigned a numeric risk level of one who has been registered for a period of ten (10) years and **who has not been arrested or convicted for any felony or misdemeanor offense** since being released from confinement, may petition the district court in the jurisdiction **where the person resides** for the purpose of removing the numeric risk level designation and allowing the person to no longer be subject to the registration requirements of the Sex Offenders Registration Act. (Emphasis added).

Title 57 O.S. Supp.2010, § 583(E).

¶4 On May 19, 2011, Osburn filed an Amended Application wherein he asserted the SORA registration requirements were "inaccurately" applied to him because he should never have been required to register in the first place. Osburn indicates this argument is based upon the constitutional prohibition against ex post facto laws.[4] When he was convicted on June 22, 1998, 57 O.S. Supp.1997, § 582 specifically excluded indecent exposure from SORA registration.[5] Four months after his conviction, amendments to Section 582 became effective which included indecent exposure as an enumerated offense. This was accomplished by deleting the language which specifically excluded that crime from SORA registration.[6]

¶5 Osburn further asserted even if he was required to register he has already completed his ten years of registration. He argued he still can apply to be removed from SORA registration under Section 583(E) because

even though he was arrested and convicted after his indecent exposure conviction, those arrests and convictions were for failure to register under SORA and it is clear that at the time of his indecent exposure conviction the statute did not require him to register.

¶6 The Department filed an Objection to Amended Application alleging the trial court was without jurisdiction to hear Osburn's application. Title 57 O.S. Supp.2010, § 583(E) does not allow a person who has been "arrested or convicted for any felony or misdemeanor offense" to apply for a reduction to their level one registration period. The Department asserts Osburn had been arrested three times and convicted twice since his 1998 indecent exposure conviction. The Department further asserted Osburn may not collaterally attack the validity of his convictions for failure to register. The Department argued, even if his convictions could be challenged his arrests cannot. The language is clear that even an arrest will thwart eligibility for reduction under the statute. Therefore, it was asserted the trial court did not have jurisdiction to reduce Osburn's registration period.

¶7 On August 15, 2011, the trial court found SORA did not apply to Osburn when he was convicted in June 1998 and therefore he should never have been required to register. The court ordered Osburn was not subject to SORA's registration requirements. The Department appealed.

## STANDARD OF REVIEW

¶8 On appeal, this Court assumes "plenary independent and non-deferential authority to reexamine a trial court's legal rulings." *Kluver v. Weatherford Hospital Auth.,*

---

4. Okla. Const. art. 2, § 15.

5. Title 57 O.S. Supp.1997, § 582; 1997 Okla. Sess. Laws c. 260, § 3 (eff. Nov. 1, 1997) which was in effect when he was convicted on June 22, 1998, of indecent exposure provided an exception from SORA registration for certain offenses which specifically included 21 O.S. § 1021(A)(1) (indecent exposure). It stated:
   "The provisions of the Sex Offenders Registration Act ... shall apply to any person who, after November 1, 1989, has been convicted ... for a crime or an attempt to commit a crime provided for in ... **1021, except for a crime provided for in paragraph 1 of subsection A of Section 1021** ...." (Emphasis added).

6. Title 57 O.S. Supp.1998, § 582; 1998 Okla. Sess. Laws c. 347, § 1 (eff. Nov. 1, 1998). The amendments struck through "~~except for a crime provided for in paragraph 1 of subsection A of Section 1021~~" thereby, deleting an exception to registration for crimes involving indecent exposure.

1993 OK 85, ¶ 14, 859 P.2d 1081, 1084. Issues of a statute's constitutional validity and of its construction and application are questions of law reviewed *de novo*. *Gilbert v. Security Finance Corp. of Oklahoma, Inc.*, 2006 OK 58, ¶ 2, 152 P.3d 165, 171.

## ANALYSIS

■ ¶ 9 On appeal, the Department alleges "the district court had neither jurisdiction over Appellant nor subject matter jurisdiction." The Department asserts the trial court lacked jurisdiction over the Department because the court allegedly granted injunctive relief and the action was not brought in the proper venue. This assertion is based upon 12 O.S.2011, § 133. That section of law provides in pertinent part:

Actions for the following causes must be brought in the county where the cause, or some part thereof arose: ...

Second. An action against a public officer for an act done by him in virtue, or under color, of his office, or for neglect of his official duties.

Title 12 O.S.2011, § 133.[7]

The Department also reiterates its argument that the court lacked subject matter jurisdiction because 57 O.S. Supp.2010, § 583(E) only allows a district court to reduce a level one registration period if the applicant had not been subsequently arrested or convicted and Osburn had subsequent arrests and convictions.

¶ 10 Title 12 O.S. § 2011, 2012(F) provides, "1. A defense of lack of jurisdiction over the person, [and] improper venue ... **is waived ... if omitted** from a motion that raises any of the defenses or objections which this section permits to be raised by motion...." Subsection B of Section 2012 lists the types of defenses that can be made by motion which include "[l]ack of jurisdiction over the subject matter ... [and] [f]ailure to state a claim upon which relief can be granted." The record demonstrates the Department's first filing at the trial court level consisted of an Objection to Amended Application wherein the Department asserted Osburn failed to state a claim upon which relief can be granted and requested the trial court to dismiss the action for want of jurisdiction. This argument challenging jurisdiction was based on the trial court's subject matter jurisdiction and not personal jurisdiction. The Objection did not raise the defense of lack of personal jurisdiction or improper venue. Therefore, we find the Department waived any objection based upon personal jurisdiction or improper venue.

■ ¶ 11 The dispositive issue here is whether an amendment to SORA which makes its provisions applicable to new offenses may be applied to persons convicted in Oklahoma of such offenses prior to the amendment. We find that it cannot be applied to such persons. Recently, this Court held SORA and its numerous amendments when viewed in their entirety have a punitive effect that outweighs their non-punitive purpose and therefore a retroactive application of SORA's registration provisions would violate the ex post facto clause in the Oklahoma Constitution.[8] *Starkey v. Oklahoma Department of Corrections*, 2013 OK 43, ¶ 77, 305 P.3d 1004, 1030. Here we are not just dealing with an increase in the registration provisions of SORA; we are dealing with applying SORA in its entirety to someone convicted prior to the Act being applicable to his offense. For a person convicted in Oklahoma of an enumerated sex offense, the controlling provisions of SORA are those in effect upon

---

7. The Department alleges Osburn's challenge amounts to an attack on how the Department administers SORA and therefore the only proper venue, per 12 O.S.2011, Section 133, is in Oklahoma County where the Department's official residence is located. The Department cites three opinions of this Court; *Hillcrest Medical Center v. Lee*, 1978 OK 23, 575 P.2d 971, *Grand River Dam Authority v. State*, 1982 OK 60, 645 P.2d 1011, and *Office of Gov'r–Dept. of Indus. Development v. Dalton*, 1977 OK 34, 560 P.2d 971. In each case the governmental entity challenged venue **at the trial court level** based on Section 133. This Court held in those cases venue was proper where the entity resided based upon its interpretation of this section. The rationale being the decisional act of the public officer which gave rise to the cause of action emanates from the county of the official residence of the public officer. *See Dalton*, 1977 OK 34, ¶ 9, 560 P.2d 971.

8. Okla. Const. art. 2, § 15.

the date of conviction. On June 22, 1998, Osburn's date of conviction, SORA did not apply to a person convicted of indecent exposure (21 O.S., § 1021(A)(1)). Therefore, we affirm the trial court's holding that Osburn is not subject to the provisions of SORA.

**THE TRIAL COURT'S AUGUST 15, 2011, ORDER IS HEREBY AFFIRMED**

¶ 12 COLBERT, C.J., REIF, V.C.J., KAUGER, WATT, EDMONDSON, COMBS, and GURICH, JJ., concur.

¶ 13 WINCHESTER and TAYLOR, dissent.

¶ 14 WINCHESTER, J., dissenting.

I dissent for the same reasons that I stated in my dissent in *Starkey v. Oklahoma Department of Corrections*, 2013 OK 43, 305 P.3d 1004.

¶ 15 TAYLOR, J., dissenting.

I dissent for the same reasons that I stated in my dissent in *Starkey v. Oklahoma Department of Corrections*, 2013 OK 43, 305 P.3d 1004.