OSCN Found Document:NITZ v. STATE

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 NITZ v. STATE
2017 OK CIV APP 20
Case Number: 114200
Decided: 03/30/2017
Mandate Issued: 04/26/2017
DIVISION III
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2017 OK CIV APP 20, __ P.3d __

 

SAMUEL A. NITZ, Plaintiff/Appellant,
v.
STATE OF OKLAHOMA, Defendant/Appellee.

APPEAL FROM THE DISTRICT COURT OF
OSAGE COUNTY, OKLAHOMA

HONORABLE M. JOHN KANE, JUDGE

REVERSED AND REMANDED

Michael A. Risley, Oklahoma City, Oklahoma, for Plaintiff/Appellant.

Kenneth L. Buettner, Chief Judge:

¶1 Plaintiff/Appellant Samuel A. Nitz appeals the trial court's order denying his motion to reconsider an order dismissing Nitz's application to be removed from the requirement to register as a sex offender. The Oklahoma Sex Offenders Registration Act (SORA), 57 O.S.2011 §§581-590.2, allows registered sex offenders who were convicted under two Oklahoma statutes to seek an order removing their requirement to register as sex offenders. Nitz argued his conviction from another state was for a crime equivalent to one of the two statutes in the removal statute and that he was therefore eligible for removal from the registration requirement. The trial court found it was without jurisdiction to grant removal from the registration requirement for an out-of-state conviction. Nitz contends the trial court's interpretation of the relevant statutory provision violated his right to equal protection. The State has failed to file an answer brief and therefore this appeal proceeds on Nitz's brief only. On de novo review, we find the statute at issue violates Nitz's constitutional right to equal protection because it treats those convicted in other states differently than those convicted in Oklahoma and there is no rational basis for the disparate treatment. We reverse and remand for consideration of Nitz's application.

¶2 Nitz filed his Application for Deregistration May 29, 2014.[1] In his application, Nitz asserted he registered in Oklahoma in 2009 and is required to register for life based on a 2006 conviction in Nebraska. The statute at issue provides, in pertinent part:

A. For purposes of this section, a person shall be considered for removal of the requirement to register as a sex offender if the person:

1. Was convicted of a violation of Section 1111.1 or 1114 of Title 21 of the Oklahoma Statutes and the person does not have any other conviction for a violation of Section 1111.1 or 1114 of Title 21 of the Oklahoma Statutes;

2. Is required to register as a sex offender solely on the basis of a violation of Section 1111.1 or 1114 of Title 21 of the Oklahoma Statutes; and

3. Was not more than four (4) years older than the victim of the violation who was fourteen (14) years of age or older but not more than seventeen (17) years of age at the time the person committed the violation.

B. If a person meets the criteria provided for in subsection A of this section, the person may petition the court in which the sentence for the conviction occurred for removal of the requirement to register as a sex offender. The person shall allege in the petition that the person meets the criteria provided for in subsection A of this section and that removal of the registration requirement will not conflict with federal law. The district attorney shall be given notice of the petition at least twenty-one (21) days before the hearing on the petition. The district attorney may present evidence in opposition to the requested relief or may otherwise demonstrate why the petition should be denied. The court shall rule on the petition and, if the court determines that the person meets the criteria provided for in subsection A of this section and removal of the registration requirement will not conflict with federal law, may grant the petition and order the removal of the registration requirement. If the court denies the petition, the person shall not be authorized to file any further petition for removal of the registration requirement pursuant to this section.

* * *

57 O.S.2011 §590.2.[2]

¶3 Nitz averred that his Nebraska conviction equated to second degree rape under Oklahoma law, which is one of the crimes listed in §590.2(A).[3] Nitz asserted that at the time of the offense he was 19 and the victim was 15 and that he was not more than four years older than the victim. Nitz further asserted that his conviction was for statutory rape based on the ages of the participants in a consensual relationship. Nitz averred also that his request did not conflict with federal law. Nitz contended he was in compliance with §590.2(A) and asked the court to order that he was no longer subject to the registration requirement.

¶4 In a minute order following a November 7, 2014 hearing, the trial court found Nitz was not entitled to relief under §590.2 but reserved ruling on the constitutionality of the statute. The court granted Nitz leave to file a supplemental brief on that issue.

¶5 Nitz filed his brief in support of his application along with the certified court file from his Nebraska conviction November 24, 2014.[4] A court notice filed December 19, 2014 showed Nitz and an Osage County Assistant D.A. had appeared at a hearing and the court certified the case as challenging the constitutionality of §590.2. The trial court gave notice that the Oklahoma Attorney General was permitted to intervene pursuant to 12 O.S.2011 §2024.

¶6 In its April 22, 2015 Ruling, the trial court noted neither DOC nor the Attorney General had appeared to object to the application and only the Osage County D.A. objected to the relief sought. The court included ten numbered findings (emphasis and citations omitted): 1) Nitz was convicted in May 2006 of misdemeanor third degree sexual assault in Nebraska; 2) Nitz entered Oklahoma in February 2009 and was subject to registration under the version of 57 O.S. §582 in effect at that time; 3) "the (c)ourt lacks jurisdiction to grant (Nitz) his requested relief under . . . §590.2(A), as it applies only to violations of the Oklahoma statutes. It does not provide for the deregistration of out-of-state offenders"; 4) Nitz had argued "that if the (c)ourt so finds, then" §590.2 is an unconstitutional violation of the equal protection clause because all residents are required to register but only those convicted in Oklahoma may seek de-registration under §590.2; 5) the court found "the statute does indeed treat Oklahoma citizens in an unequal manner" and the court therefore must determine whether the legislative classification rationally furthers a legitimate State interest; 6) the court noted its duty was not to determine whether the law was fair or consistent with the court's wishes, but merely to determine whether the law rationally furthers a legitimate State interest; 7) the D.A. had argued it would be more difficult (or perhaps impossible) for a responding party to procure the information needed to evaluate the de-registration request based on a foreign judgment, and the court found "(o)btaining this information is certainly a legitimate State interest;" 8) Nitz had countered it was not overly burdensome for a D.A. to call the out-of-state prosecutor to seek the information, but the court found it was rational to be concerned that a prosecutor "might not consistently receive such information to the degree one might expect . . . (w)hether by lack of knowledge of who (sic) to ask, or lack of knowledge of the foreign jurisdictions law and procedures, investigating foreign judgments are very different tasks from local investigations"; 9) the court found a rational basis to treat de-registration requests differently where the conviction occurred outside of Oklahoma; and 10) §590.2 "having been found Constitutional, and not applicable to the underlying foreign offense, the Application is dismissed for want of jurisdiction of this (c)ourt to grant the relief requested."

¶7 Nitz then filed his Motion to Reconsider in which he argued the trial court failed to consider that DOC had acquired his Nebraska records in order to register him in the first place so there was no further need to track down his records out of state.[5] Nitz argued that alleged difficulty seeking records already in DOC's possession cannot serve as a rational basis for the statute's discriminatory effect. The trial court denied Nitz's Motion to Reconsider September 3, 2015, in an order in which the trial court recognized DOC possessed basic records but found DOC did not possess the Nebraska prosecutor's work product and case file notes. The court found that lack of information and the difficulty in acquiring it served as a rational basis for the statutory discrimination against those with out-of-state convictions.

¶8 Nitz appeals. The State has failed to file either a response to the petition in error or an answer brief. The facts of this case are not disputed. The question of law presented is whether the statutory provision for seeking removal from the registry violates the equal protection clause of the United States Constitution because its language limits eligibility for removal from the registry to persons convicted of certain crimes in Oklahoma. The constitutional validity, construction and application of statutes are questions of law which we review de novo. Butler v. Jones ex rel., State ex rel., Oklahoma Dept. of Corrections, 2013 OK 105, ¶5, 321 P.3d 161. A legislative act is presumed to be constitutional. Panhandle Producers & Royalty Owners Ass'n v. Oklahoma Tax Com'n, 2007 OK CIV APP 68, ¶8, 162 P.3d 960 (cert. denied, approved for publication).

¶9 The Oklahoma Supreme Court has addressed equal protection claims related to the SORA but it has not addressed the precise issue presented here. See Butler, supra, and Hendricks v. Jones, ex rel. Okla. Dept. of Corr., 2013 OK 71, 349 P.3d 531. In Hendricks, the challenged SORA section provided that persons convicted of applicable offenses in Oklahoma before the 1989 effective date of SORA did not have to register unless they were still serving their sentence or were on probation or parole as of November 2005, while persons convicted in other states before the 1989 effective date of SORA did have to register whether or not they were still serving their sentence or were on probation or parole as of November 2005. "Therefore, the statute treated persons differently depending upon whether their conviction, suspended sentence, deferred judgment or any probationary term was imposed in Oklahoma or in another jurisdiction." Id., 2013 OK 71 at ¶3. Hendricks was convicted in California in 1982 of an offense equivalent to an Oklahoma offense requiring registration. He sought an injunction against DOC requiring him to register. The trial court and Court of Civil Appeals denied Hendricks relief. On certiorari, the Oklahoma Supreme Court found Hendricks's equal protection argument dispositive. The Fourteenth Amendment to the United States Constitution directs that no state may "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, §1. In Hendricks, the court found that the classification in the challenged SORA provision was "persons residing in Oklahoma after November 1, 1989, who were convicted of a sex crime in another jurisdiction prior to SORA's enactment on November 1, 1989." Id. at ¶10. The court found the classification did not warrant heightened review and therefore would be affirmed if it rationally supported a legitimate state interest. Id. at ¶9. After noting cases in other states which had found that the classification failed even under the rational basis test, the Oklahoma Supreme Court explained:

. . . (S)tate sex offender registration and notification requirements appear to violate the Equal Protection Clause where they discriminate against individuals solely because the conviction occurred in another jurisdiction. All other things being equal, such discrimination is not rationally related to the goal of protecting the population from sex offenders. Discrimination against categories of sex offenders based on factors such as type of offense and risk of recidivism is logical, whereas discrimination based on the jurisdiction in which the conviction occurred has no rational basis for protecting the public.

Id. at ¶14 (emphasis added). The court found that protecting citizens from sex offenders is a legitimate state interest, but that "creating a classification of pre-SORA sex offenders based solely on where their conviction occurred does not rationally further the state's interest in providing information to the public of the presence of sex offenders." Id. at ¶¶15-16.

¶10 In Butler, supra, 2013 OK 105, decided a few months after Hendricks, the Oklahoma Supreme Court reached the opposite conclusion, finding another SORA provision which treated those with Oklahoma and foreign convictions differently did rationally serve a legitimate state interest and therefore did not violate the equal protection clause. Butler challenged a statute that directed that SORA did not apply to persons who had received a criminal history expungement for a conviction in another state for a crime which would require registration in Oklahoma, arguing that the statute treated persons with expunged records in Oklahoma differently from persons whose records were expunged in different states.[6] After Butler's Oklahoma conviction was expunged, he sought an injunction against DOC requiring him to continue to register. The trial court granted relief, but the Oklahoma Supreme Court reversed on several bases, including finding that the State had shown a rational basis for the classification. The court noted that the petitioner's conviction should not have been expunged because Oklahoma law does not allow for expungement of certain sex crimes, so that there would be no reason to provide for SORA not to apply to expunged Oklahoma convictions. The court explained:

The reason [SORA] does not include expungement of criminal records for sex crimes committed in Oklahoma is clear; deferred sentencing of sex offenders which could lead to an expungement pursuant to 22 O.S., § 991c was abolished approximately sixteen years before § 582(E)'s enactment. . . .All that is required to satisfy the minimal rationality test is that the Legislature could conceivably have believed that 57 O.S., § 582(E) would serve the legitimate purpose of preventing the overburdening of the Department by requiring it to make vain attempts to procure expunged out-of-state records.

Id. at ¶¶15-16. While the Oklahoma Supreme Court found §582(E) satisfied the rational basis test for a similar reason to that found by the trial court in this case, the statutory history explained by the court showed that no Oklahoma conviction which would subject an offender to registration could ever properly be expunged. Therefore, a statute directing that SORA did not apply to expunged Oklahoma convictions would be superfluous, but the State could not control whether convictions in other states for applicable offenses could be expunged in those states.

¶11 In this case, the trial court found, and we agree, that §590.2 treats registrants unequally solely on the basis of where they were convicted. The only rational basis articulated is that it might be difficult for Oklahoma officials to obtain records from foreign state courts to determine whether §590.2 applies. However, §590.2 plainly states that a registrant "may petition" the court to remove the requirement to register if certain conditions are met. Because the registrant must petition the court and the court "may" grant the relief, necessarily the burden of showing the conditions are met is on the petitioning registrant. The purported rational basis found by the trial court here, the difficulty a D.A. may have in obtaining information about the foreign state conviction, is not a question the D.A. would have the burden of proving under the statute. If a registrant is unable to obtain proof that his or her foreign state conviction is the equivalent of a conviction under 21 O.S. §1111.1 or 21 O.S. §1114 then the registrant would not have a claim for relief under §590.2. Because §590.2 provides that the trial court may grant the relief if the four conditions are shown, then the question is a matter for the trial court's discretion. Because the State has no burden of proving the elements of §590.2, we disagree with the trial court's finding that a legitimate state interest is furthered by the discriminatory statute at issue here. The statute disparately treats those with identical convictions in Oklahoma and outside Oklahoma without a rational basis and therefore violates the equal protection clause.

¶12 Our conclusion that no rational basis exists for the discriminatory language in §590.2 is supported by the fact that another provision of SORA allows certain registrants to seek removal from the registry without reference to the place of conviction:

Any person assigned a level of one who has been registered for a period of ten (10) years and who has not been arrested or convicted for any felony or misdemeanor offense since being released from confinement, may petition the district court in the jurisdiction where the person resides for the purpose of removing the level designation and allowing the person to no longer be subject to the registration requirements of the Sex Offenders Registration Act.

57 O.S.2011 §583(E).[7]

¶13 The statute at issue in Butler was one which provided that SORA shall not apply to those with expunged convictions from other states. That statute, §528, identifies the categories of persons to whom SORA applies, including those with certain types of convictions in other jurisdictions. It necessarily differs from §590.2 which applies to those who have already registered and to whom SORA necessarily applies. We are not persuaded that the rational basis found in Butler serves as a rational basis for the classification here because, as noted above, §590.2 places no burden on the State. As in Hendricks, we find no rational basis for the classification in this case. The statute arbitrarily treats those with identical out-of-state convictions differently than those who were convicted in Oklahoma. We reverse the trial court's order dismissing Nitz's application and remand for reconsideration of Nitz's request to remove the requirement to register. REVERSED AND REMANDED.

MITCHELL, P.J., and SWINTON, J., concur.

FOOTNOTES

[1] Nitz used the word "deregistration" to describe the relief he sought, while the relevant statute refers to the same relief as "removal of the requirement to register."

[2] This type of provision in sex offender registry laws has been referred to as a "Romeo and Juliet" statute. The rationale for such provisions is to lessen the long-term consequences of sex offender registration laws on teens convicted of statutory rape occurring in consensual relationships, as explained in a recent law review comment:

Every state in the United States criminalizes sexual activity with someone below the "age of consent," a crime typically referred to as "statutory rape." . . . Proponents of these laws claim that regardless of the closeness in age between the two parties, sex with a person below a certain age can never be consensual because below a certain age, one lacks the "capacity to consent." In contrast, opponents argue . . . situations often arise where a statutory rape law actually penalizes two teenagers for engaging in what would otherwise be deemed "wholly consensual" sex.

Society designates these teenagers as sexual "status offenders" because it is solely the status of their alleged victim falling below the age of consent that criminalizes the offender's sexual behavior. However, over the course of the past decade, many states, as well as the federal government, have implemented "age-gap" provisions exempting certain teenagers from the unyielding scope of statutory rape and sex offender registration and notification laws where their partner is below the age of consent but within a certain range to the "offenders" age. "[R]ecogniz[ing] that sex between two young people is in some way less punishable than sex between a young person and an adult," legislators created these "Romeo and Juliet" exceptions so as to lessen or eliminate penalties for young people.

Emily J. Stine, Comment, When Yes Means No, Legally: an Eighth Amendment Challenge to Classifying Consenting Teenagers as Sex Offenders, 60 DePaul L. Rev. 1169, 1183-1184 (Summer 2011) (footnotes omitted).

[3] 21 O.S.2011 §1111.1 provides for the crime of rape by instrumentation. 21 O.S.2011 §1114 distinguishes between first and second degree rape and provides:
A. Rape in the first degree shall include:
1. rape committed by a person over eighteen (18) years of age upon a person under fourteen (14) years of age; or
2. rape committed upon a person incapable through mental illness or any unsoundness of mind of giving legal consent regardless of the age of the person committing the crime; or
3. rape accomplished where the victim is intoxicated by a narcotic or anesthetic agent, administered by or with the privity of the accused as a means of forcing the victim to submit; or
4. rape accomplished where the victim is at the time unconscious of the nature of the act and this fact is known to the accused; or
5. rape accomplished with any person by means of force, violence, or threats of force or violence accompanied by apparent power of execution regardless of the age of the person committing the crime; or
6. rape by instrumentation resulting in bodily harm is rape by instrumentation in the first degree regardless of the age of the person committing the crime; or
7. rape by instrumentation committed upon a person under fourteen (14) years of age.
B. In all other cases, rape or rape by instrumentation is rape in the second degree.

[4] Nitz also filed return receipts showing his application was received by the Osage County D.A. and the Oklahoma Department of Corrections (DOC) June 4, 2014, and a proof of service showing he served his application on the victim, in South Dakota, August 25, 2014.

[5] 57 O.S.2011 §584( C) provides, in pertinent part:

Any person subject to the provisions of the (SORA) . . ., who has an out-of-state conviction that requires registration, shall provide the local law enforcement authority where the offender intends to reside with a certified copy of the offender's judgment and sentencing report within sixty (60) days of the offender's initial registration with this state.

[6] 57 O.S.2011 §582(E) provides:

The provisions of the Sex Offenders Registration Act shall not apply to any such person who has received a criminal history records expungement for a conviction in another state for a crime or attempted crime which, if committed or attempted in this state, would be a crime or an attempt to commit a crime provided for in any said laws listed in subsection A of this section.

[7] SORA elsewhere provides for the assignment of risk levels one, two, or three to each registrant based on his or her criminal history. 57 O.S.2011 §§582.1-582.5.






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2007 OK CIV APP 68, 162 P.3d 960, PANHANDLE PRODUCERS v. OKLAHOMA TAX COMMISSION
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 2013 OK 71, 349 P.3d 531, HENDRICKS v. JONES
Discussed at Length
 2013 OK 105, 321 P.3d 161, BUTLER v. JONES ex rel. STATE ex rel. DEPT. OF CORRECTIONS
Discussed at Length
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 2024, Intervention
Cited
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 1111.1, Rape by Instrumentation - Consent - Sentencing
Discussed
 21 O.S. 1114, Rape in First Degree - Second Degree
Discussed
Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. 991c, Deferred Sentence
Cited
Title 57. Prisons and Reformatories
 Cite
Name
Level

 57 O.S. 583, Procedure for Registration
Cited
 57 O.S. 582.1, Sex Offender - Pre-Release Risk Assessment - Assignment of Numeric Risk Level
Cited
 57 O.S. 590.2, Removal of Requirement to Register as Sex Offender
Cited
 57 O.S. 582, Applicability of Act
Discussed at Length
 57 O.S. 584, Information Required on Registration - Form - Notice of Address Change - Maintenance of Files - Availability
Cited